UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA          )
                                  )
        vs.                       )          CAUSE No. 3:04-CR-108(2) RM
                                  )
VERNADO MALONE                    )

OPINION AND ORDER

On January 9, Mr. Vernado Malone filed four motions: a motion to stay the execution of judgment and release pending appeal; a motion for a court recommendation to be retained in the area of Chicago, Illinois or South Bend, Indiana; a motion for an attorney to assist him on his appeal; and a motion to expedite ruling on these three motions. The court grants Mr. Malone's motion for an expedited ruling, but for the following reasons denies his remaining motions.

While Mr. Malone moves the court pursuant to FED. R. CRIM. P. 38(b) for a stay of the execution of his sentence and release pending appeal, 18 U.S.C. § 3143(b) provides the conditions of granting such a request. Under that provision, Mr. Malone must be detained unless the court finds:

> (A) by clear and convincing evidence that [Mr. Malone] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and (B) that his appeal raises a substantial question of law or fact likely to result in — (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); see also United States v. LaGiglio, 384 F.3d 925 (7th Cir. 2004). Under § 3142(b)(1)(A), the court must make a finding in favor of Mr. Malone

based on clear and convincing evidence, and Mr. Malone hasn't identified any evidence (other than his request to present new "material" information that "wasn't known" to court at his previous detention hearings) that would provide a basis for such a finding. Moreover, Mr. Malone's motion doesn't identify any factual dispute or legal argument that would raise a substantial question as to the validity of his plea of guilt or his sentence. Based on the record before it, specifically Mr. Malone's criminal history, the events that took place during the change of plea hearing (Mr. Mr. Malone's factual admission, as well as his conversation with the court regarding the waiver of his appeal), the court finds that the conditions articulated in § 3143(b) have not been met, and consequently denies Mr. Malone's motion for release.

In the alternative, Mr. Malone requests the court to recommend to the Attorney General that Mr. Malone be retained in the local area of Chicago, Illinois or in South Bend, Indiana, which would permit him to assist in the preparation of his appeal. The Rules of Criminal Procedure read, "[i]f the defendant is not released pending appeal, the court may recommend to the Attorney General that the defendant be confined near the place of trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal." FED. R. CRIM. P. 38(b)(2). While Mr. Malone requests to be confined either in Chicago, Illinois or South Bend, Indiana, he recently notified the court that he is already being confined at the Metropolitan Correctional Center in Chicago, Illinois. Thus, an order recommending Mr. Malone be confined in Chicago, Illinois is unneeded, and

to the extent Mr. Malone's motion seeks a recommendation that he be transferred to South Bend, the court finds it unnecessary.

Finally, Mr. Malone again moves the court for an appointment of an attorney to assist him on his appeal. At the time of Mr. Malone's notice of appeal, he still had an attorney of record and provided the court with no basis to appoint him new counsel. In Mr. Malone's motion, he informs the court his attorney has now withdrawn with the court of appeals, and in the interest of judicial economy, it is in that court Mr. Malone should move to appoint him new counsel to handle his appeal.

Therefore, the court GRANTS Mr. Malone's motion for an expedited ruling [Doc. No. 126], and DENIES his remaining motions [Doc. Nos. 123, 124, & 125].

SO ORDERED.

ENTERED: January 24, 2006

 /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   K. Hays
      V. Malone