UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERNADO MALONE, )<br>)<br>     *Petitioner*    )<br>)<br>  vs.                             )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>     *Respondent*  )| CAUSE NO. 3:06-CV-333 RM<br>(Arising out of 3:04-CR-108(02)RM) |

OPINION and ORDER

On July 25, 2006, Vernado Malone pleaded guilty to one count of a nine-count indictment charging him in Count 9 with criminal conspiracy in violation of 18 U.S.C. §§ 371 and 2. He was sentenced on November 7, 2005 to a term of 46 months' imprisonment, to be followed by a three-year term of supervised release, and was ordered to pay restitution of $120,000.00 and a special assessment of $100.00. Mr. Malone is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255.

Mr. Malone also seeks an evidentiary hearing on his claims. The filing of a § 2255 petition doesn't automatically give rise to a right to an evidentiary hearing. Cooper v. United States, 378 F.3d 638, 641-642 (7th Cir. 2004); Patel v. United States, 19 F.3d 1231, 1234 (7th Cir. 1994). If a § 2255 petitioner alleges facts that would entitle him to relief, he may request and receive a hearing on his claims. Cooper v. United States, 378 F.3d 641. A hearing is not required, however, if "the motion and files and records of the case conclusively show that the petitioner is

entitled to no relief." 28 U.S.C. § 2255. As discussed below, Mr. Malone has alleged no facts that would entitle him to relief, so no hearing is necessary to determine his § 2255 petition. Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000).

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Malone's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Malone's plea agreement, signed by Mr. Malone, his attorney William Stevens, and Assistant United States Attorney Kenneth Hays contains the following language in paragraph 9(d):

> (d) . . . I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth my offense(s) as set forth in this pleas agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in

2

> which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Malone now challenges his sentence based, first, on his claim that his counsel was ineffective in negotiating the waiver, by not giving him a copy of his presentence investigation report in a "reasonable" time before sentencing, by not filing an appeal, and by leaving him alone during his Rule 11 proffer; second, the government breached the plea agreement by not filing a § 5K1.1 motion and by using against him information obtained at his Rule 11 proffer; and, lastly, the court wrongfully used a state court docket sheet containing an error to assess two criminal history points. Mr. Malone's claims are without merit for several reasons.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), or when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000).

Mr. Malone claims his "counsel was ineffective by negotiating a waiver." According to Mr. Malone,

> At the plea hearing the court told Mr. Malone he was waiving his appeal rights, Mr. Malone said on record, "but I'd be limited to a 2255, correct?" Then Mr. Malone ask if he could ask his attorney one thing, [during] the discussion that was held off record counsel told Malone "don't fight the issue the waiver can't hurt you" so the counsel that the attorney gave Mr. Malone wasn't correct which Mr. Malone trusted but [nevertheless] Mr. Malone never knew he was waiving his 2255 until the last second or [during] the plea hearing. Counsel fail to know that Mr. Malone thought he could appeal by a 2255. The wrongful counseling that [counsel] gave Mr. Malone in open court [during] the plea but off record coerced Mr. Malone in the appeal waiver. If [counsel] would have counsel Mr. Malone prior to the change of plea or doing the discussion that was held off record at the plea hearing to the correct known fact then the waiver would [have] been voluntarily on Mr. Malone part.

Petn., at 3-4. Mr. Malone filed a pro se notice of appeal regarding this issue on November 10, 2005, but states he withdrew his appeal so he could pursue this § 2255 petition.

Mr. Malone was questioned at his change of plea hearing about the waiver provision of his plea agreement:

> THE COURT: Now, as I understand it, you're aware that people sentenced in federal court have the right to appeal their sentence; but, as I understand it, as part of your plea agreement, you're giving up the right to appeal and also giving up the right to file any later petition for writ of habeas corpus or similar paper challenging your sentence or conviction. Do I understand that correctly?
> MR. MALONE: Yes.
> THE COURT: That's an important provision, so let me ask you more specifically about it. As I understand it, what that means is that if, from here on out, I do anything with respect to the case that you don't think was right even if it means your sentence is longer than you think it should have been, or if Mr. Hays or anyone else from his office does anything with respect to the case that you don't think was right, even if your sentence is

4

longer as a result of that than you think it should have been, or if Mr. Stevens in trying to represent you does anything that you didn't think was right, even if it means your sentence is longer than you think it should have been, once the sentence is imposed, you couldn't complain about that to this court or any other court. Is that how you understand it?
    MR. MALONE: But I'd be limited to a 2255, correct?
    THE COURT: No. As I understand it, you would be giving up the right to file any petition under 2255.
    MR. MALONE: Can I ask my attorney one thing?
    THE COURT: Sure.
    (Discussion held off record.)
    MR. MALONE: Okay, Your Honor.
    THE COURT: Is that how you understand it?
    MR. MALONE: Yes.
    THE COURT: Is that what you want to do, to give up that right?
    MR. MALONE: Yes.

Plea Hrg. Tr., at 11-13. At the change of plea hearing, Mr. Malone confirmed that his plea was knowing and voluntary:

    THE COURT: Has anybody used any force or made any threats against you to get you to plead guilty, sir?
    MR. MALONE: No.

Plea Hrg. Tr., at 19.

To the extent Mr. Malone's claims of ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Malone] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that '[t]he [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Malone] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"

5

Taylor v. Bradley, No. 04-4061, 2006 WL 1376958, *5 (7th Cir. May 22, 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Malone] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Malone hasn't alleged he wouldn't have pleaded guilty had counsel acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. Mr. Malone hasn't carried his burden with respect to the prejudice prong.

Mr. Malone's statements at his change of plea hearing, statements made under oath, are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Malone's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to [her]." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Malone during the plea colloquy, and Mr. Malone acknowledged that

6

he understood. Mr. Malone hasn't challenged his plea agreement or provided any legal support for his claim of ineffective assistance of counsel based on counsel's not filing an appeal when Mr. Malone surrendered that option as part of his plea agreement.

To the extent Mr. Malone claims the government breached the plea agreement by not filing a § 5K1.1 motion, Mr. Malone is mistaken. The government filed a "Motion for One Level Downward Departure Pursuant to Section 5K1.1 of the Sentencing Guidelines" on October 21, 2005, before Mr. Malone's sentencing hearing, and the court granted the motion at the November 7 sentencing hearing.

Mr. Malone's remaining claims – not receiving a copy of his presentence investigation report "to review for a reasonable time before sentence," counsel's not advising him or improperly advising him at his Rule 11 proffer, the government's reliance on information received from him at his Rule 11 proffer, and the use of an erroneous date for his release from state court probation – don't relate to the negotiation of the waiver of his right to appeal, so those claims are foreclosed by his plea agreement, in which he expressly waived his right to appeal or challenge his conviction and sentence and the manner in which the conviction and sentence were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

While a sentence in excess of the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket

waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Malone's sentence was not in excess of the 5-year maximum for violation of 18 U.S.C. §§ 371 and 2.

Based on the foregoing, Mr. Malone isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 is SUMMARILY DISMISSED [Doc No. 142] and his requests for in forma pauperis status, discovery, appointment of counsel, relocation to South Bend, release from custody, and an evidentiary hearing are DENIED [Doc. Nos. 143, 146, 147, 148, 149, & 150].

SO ORDERED.

ENTERED:   June 7 , 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   V. Malone
      K. Hays